# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff | : | |
| | : | Crim. No. 12-CR-00291 |
| v. | : | |
| | : | |
| | : | (J. Conner) |
| MONEYGRAM INTERNATIONAL, INC., | : | |
| | : | |
| Defendant | : | |

## JOINT NOTICE OF SECOND AMENDMENT TO AMENDMENT TO AND EXTENSION OF DEFERRED PROSECUTION AGREEMENT

The United States of America, by and through its attorneys of record, the United States Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section and the United States Attorney's Office for the Middle District of Pennsylvania, and Defendant MoneyGram International, Inc., ("MoneyGram"), by and through its attorneys of record (collectively, "the Parties"), hereby provide notice to the Court of the second amendment to the Amendment to and Extension of Deferred Prosecution Agreement:

1. On November 9, 2012, the United States filed a Deferred Prosecution Agreement (the "DPA") that deferred prosecution of MoneyGram for five years on a two-count Criminal Information charging aiding and abetting wire fraud, 18 U.S.C. §§ 1343 and 2, and violation of the Bank Secrecy Act, 31 U.S.C. §§ 5318(h) and

1

5322. ECF No. 3. As part of the DPA, MoneyGram, among other things, waived its right to an indictment and all rights to a speedy trial, and admitted, accepted, and acknowledged that it was responsible for the acts charged in the two-count Information and Statement of Facts filed with the DPA.

2. On November 28, 2012, the Court held an initial appearance in the matter. At that proceeding, the Court accepted the deferral of prosecution during the term of the DPA. ECF No. 11.

3. On November 8, 2018, the Parties filed the Amendment to and Extension of Deferred Prosecution Agreement (the "Amendment"), which extended the term of the DPA continuing to defer prosecution of MoneyGram for aiding and abetting wire fraud and violation of the Bank Secrecy Act through May 10, 2021, and amended certain terms of the DPA. ECF No. 34, No. 34-1.

4. As part of the Amendment, MoneyGram admitted that weaknesses in its anti-money laundering and anti-fraud programs caused a substantial rise in consumer fraud transactions. ECF No. 34 ¶ 1. MoneyGram admitted that it processed at least $125 million in additional consumer fraud transactions between April 2015 and October 2016 as a result of these failures. *Id.* MoneyGram further agreed to forfeit $125 million, with $70 million due within ten days after the Court issued the order excluding time under the Speedy Trial Act and $55 million due within eighteen months of the execution of the Amendment. ECF No. 34-1 ¶ 11.

5. On November 9, 2018, the Court granted the Parties' joint motion to exclude time through May 10, 2021 pursuant to the Speedy Trial Act. ECF No. 35.

6. In November 2018, MoneyGram forfeited $70 million pursuant to the Amendment.

7. In early 2020, MoneyGram informed the United States that its circumstances had changed since entering into the Amendment and if it were required to make the final $55 million payment without a further extension or reduction or without sufficient increases in cash flows or obtaining additional working capital, there could have been a material adverse effect on the Company's business and financial conditions, among other things.

8. To allow the United States an opportunity to assess MoneyGram's representations regarding the changed circumstances, the United States agreed to amend the Amendment to extend the deadline for MoneyGram to make its payment of $55 million by six (6) months.

9. On February 25, 2020, the Parties filed a Joint Notice of Amendment to Amendment to and Extension of Deferred Prosecution Agreement which notified the court of the United States' extension of MoneyGram's deadline to make its payment of $55 million to November 8, 2020. ECF No. 38.

10. MoneyGram has informed the United States that its changed circumstances continue and has requested further extension or reduction of the final

payment of $55 million. The United States continues to assess MoneyGram's representations regarding its changed circumstances and has agreed to extend the deadline for MoneyGram to make its payment of $55 million by an additional six (6) months. The United States has made no determination regarding whether a reduction is warranted.

11. In addition, based on MoneyGram's representations and reporting during the term of the DPA, the Parties have agreed to amend the Amendment to require MoneyGram to report certain information to the United States quarterly rather than monthly.

12. The term of the DPA remains the same and all other terms remain in full force and effect.

13. WHEREFORE, based on all of the above, the Parties provide notice that they have agreed and stipulated to:

    a. Amend Paragraph 11 of the Amendment to and Extension of the Deferred Prosecution Agreement as follows: MoneyGram shall pay the remaining sum of $55 million plus any associated transfer fees no later than May 9, 2021; and

    b. Amend the following paragraphs of the Amendment to and Extension of the Deferred Prosecution Agreement to permit MoneyGram to report certain information quarterly: Paragraph 6, Paragraph 7, and Paragraph 8.

Respectfully submitted,

| | |
|---|---|
| DAVID J. FREED<br>United States Attorney<br>Middle District of Pennsylvania | DEBORAH L. CONNOR<br>Chief, Money Laundering and<br>    Asset Recovery Section<br>United States Department of Justice |
| /s/ Kim Douglas Daniel<br>KIM DOUGLAS DANIEL<br>Assistant U.S. Attorney | /s/ Margaret A. Moeser<br>MARGARET A. MOESER<br>Trial Attorney |

Attorneys for UNITED STATES OF AMERICA

/s/ Ephraim Wernick
Ephraim Wernick
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037

Attorney for Defendant
MONEYGRAM INTERNATIONAL, INC.

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| Plaintiff : | |
| : | Crim. No. 12-CR-00291 |
| v. : | |
| : | |
| : | (J. Conner) |
| MONEYGRAM INTERNATIONAL, : | |
| INC., : | |
| Defendant : | |

## SECOND AMENDMENT TO AMENDMENT TO AND EXTENSION OF DEFERRED PROSECUTION AGREEMENT

MoneyGram International, Inc., (the "Company") and the United States Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section and the United States Attorney's Office for the Middle District of Pennsylvania (collectively the "Department") hereby agree that the following paragraphs of the Amendment to and Extension of Deferred Prosecution Agreement are amended to read as follows:

11. The Company shall pay the sum of $70 million plus any associated transfer fees within ten (10) business days after the date this Court grants the accompanying Order Tolling the Speedy Trial Act Pursuant to the Joint Motion to Amend and Extend the Deferred Prosecution Agreement, pursuant to payment instructions as directed by the Department in its sole discretion. The Company

shall pay the remaining sum of $55 million plus any associated transfer fees within thirty (30) months of the date this Amendment is executed, no later than May 9, 2021, pursuant to payment instructions as directed by the Department in its sole discretion.

6. The seventh, eighth, and ninth paragraphs of Attachment C to the Agreement are amended to read as follows:

*Agent Due Diligence Remediation*

> 7. For Agents deemed by MoneyGram to be high risk or operating in a high risk area, MoneyGram will develop and implement a plan to conduct enhanced due diligence. On a quarterly basis, MoneyGram will also calculate with respect to each Agent location for the preceding quarter, the monetary value of (a) completed money transfers that were the subject of a Consumer Fraud Report C'CFR"), (b) other completed money transfers made to the receiver who was identified as a fraud perpetrator in any such CFR ("Related Receiver Transactions"), and (c) other completed money transfers made by the sender identified as a fraud victim in any such CFR, provided that such sender was also identified as a fraud victim in a second CFR within thirty (30) days of the first CFR ("Related Sender Transactions"). If the total combined monetary value of (a), (b), and (c) exceeded five percent (5%) of the total monetary value of money transfers paid by that Agent location for each of the three preceding months, MoneyGram will suspend the Agent location's ability to conduct further money transfers pending a review to determine whether the Agent location can continue operating. Upon completion of the review, MoneyGram will, where appropriate, terminate, restrict, or discipline the Agent location.

7. The twelfth paragraph of Attachment C is amended to require reporting to the Department on a quarterly basis. The thirteenth and fourteenth

paragraph of Attachment C to the Agreement are amended to read as follows:

*Reporting Requirements*[2]

13. The Company will provide the Department with a report every quarter of all MoneyGram Agents or Agent locations worldwide that were terminated, suspended, or restricted in any way during the previous quarter based on fraud or money laundering concerns or as a result of the Anti-Fraud Program and whether or not a SAR was filed concerning those Agents or Agent locations.

14. The Company will provide the Department with a report every quarter listing all Agent termination, suspension, or restriction recommendations by the Company's Fraud, Anti-Money Laundering, or Compliance Departments during the previous quarter based on fraud or money laundering concerns or as a result of the Anti-Fraud Program that were not accepted and an explanation of why. The Company should also indicate whether or not a SAR was filed concerning those Agents.

Footnote 2: MoneyGram shall submit the first quarterly reports required under this Second Amendment to the Amendment, on or before October 20, 2020. The first quarterly reports shall provide information covering the period between the last reports MoneyGram submitted to the Department in July 2020 and the date closest to the date of the new report for which information is available. MoneyGram shall submit every subsequent report quarterly on the 20th day of each applicable month covering the quarterly period between the last reports and the date closest to the date of the subsequent report for which information is available, through the duration of the Deferred Prosecution Agreement. Within one week of the end of the Term, MoneyGram shall submit reports covering any period not contained in the final quarterly report through the end of the Term.

8. Attachment C to the Agreement is further amended to include the following additional compliance undertakings:

*Additional Reporting Requirements*

16. The Company will provide the Department with a report each quarter identifying each Agent or Agent location the Company has identified as a subject of a SAR filed by the Company in the previous quarter.

17. The Company will provide the Department with a report each quarter identifying: (a) any new material modification to the Anti-Fraud Program (as defined in paragraph 8 above) in the previous quarter, including any new AFAS rules; and (b) the number of names added to the Company's active interdiction system in the previous quarter; and (c) the total number of names on any active interdiction system backlog.

18. The Company will, on a quarterly basis, provide the Department with: (a) spreadsheets, in the form previously identified by the Department, containing information about CFRs and Related Sender and Receiver transactions; and (b) information regarding money transfers sufficient to determine the percentage of CFR and Related Sender and Receiver transactions relative to overall money transfers worldwide and by country.

*Interdiction System*

20. Upon receipt of a complaint via the Company's "Core Channels" (customer service hotline, customer service email address, or online complaint form) about an alleged consumer-fraud-induced money transfer, the Company will, within two (2) business days, add to its active interdiction system (a) the receiver identified in the complaint and (b) the sender identified in the complaint provided that such sender has been identified in a CFR within the preceding thirty (30) days. Upon receipt of a complaint via any other channel, the Company will add such information to its active interdiction systems as soon as reasonably possible, pursuant to its interdiction policy. The

Company will review whether it is loading and maintaining receivers and senders into the interdiction system in accordance with this paragraph on at least a monthly basis, and the Company will report the results of such reviews to the Department every quarter along with the other reporting required under this Agreement.

All other terms of the Deferred Prosecution Agreement and Amendment to and Extension of Deferred Prosecution Agreement remain in full force and effect through the end of the Extended Term.

**AGREED:**

**FOR MONEYGRAM INTERNATIONAL, INC.:**

Date: 7-24-2020     By: _____
                        W. Alexander Holmes
                        Chief Executive Officer
                        MoneyGram International, Inc.

Date: 7-24-20       By: _____
                        Ephraim Wernick
                        Vinson & Elkins LLP


**FOR THE DEPARTMENT OF JUSTICE:**

DAVID J. FREED                      DEBORAH L. CONNOR
United States Attorney              Chief, Money Laundering and
Middle District of Pennsylvania         Asset Recovery Section
                                    United States Department of Justice


/s/ Kim Douglas Daniel              /s/ Margaret A. Moeser
KIM DOUGLAS DANIEL                  MARGARET A. MOESER
Assistant U.S. Attorney             Trial Attorney