# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| Plaintiff : | |
| : | Crim. No. 12-CR-00291 |
| v. : | |
| : | |
| : | (J. Conner) |
| MONEYGRAM INTERNATIONAL, : | |
| INC., : | |
| Defendant : | |

## JOINT STATUS REPORT

The United States of America, by and through its attorneys of record, and Defendant MoneyGram International, Inc., ("MoneyGram"), by and through its attorneys of record (collectively, "the Parties"), jointly report that, as detailed below, the Parties are not seeking further extension of the tolling of the Speedy Trial Act, prosecution and trial on the information at this time.

1. On November 9, 2012 the Parties filed a five-year Deferred Prosecution Agreement (the "DPA") that deferred prosecution of MoneyGram on charges of Aiding and Abetting Wire Fraud, 18 U.S.C. §§ 1343 and 2, and violation of the Bank Secrecy Act, 31 U.S.C. §§ 5318(h) and 5322, for a period of five years. ECF No. 3. As part of the DPA, MoneyGram, among other things, waived its right to an indictment and all rights to a speedy trial, and admitted, accepted, and

1

acknowledged that it was responsible for the acts charged in the two-count Information and Statement of Facts filed with the DPA.

2. On November 28, 2012, the Court held an initial appearance in the matter. At that proceeding, the Court accepted the deferral of prosecution during the term of the DPA. ECF No. 11.

3. On November 8, 2018, the Parties filed the Amendment to and Extension of Deferred Prosecution Agreement (the "Amendment"), which extended the term of the DPA continuing to defer prosecution of MoneyGram for aiding and abetting wire fraud and violation of the Bank Secrecy Act through May 10, 2021, and amended certain terms of the DPA. ECF No. 34, No. 34-1.

4. On November 9, 2018, the Court granted the Parties' joint motion to exclude time through May 10, 2021 pursuant to the Speedy Trial Act. ECF No. 35.

5. Pursuant to the Amendment, MoneyGram agreed to forfeit $125 million. MoneyGram also agreed to undertake certain compliance improvements, retain a monitor, and report certain information to the United States.

6. In compliance with its agreement in the Amendment to forfeit $125 million, MoneyGram transferred to the United States $70 million in November 2018 and $55 million on April 12, 2021. See ECF No. 40.

7. On April 20, 2021, pursuant to the terms of the Amendment, the monitor certified to MoneyGram and the United States that MoneyGram's anti-fraud

and anti-money laundering compliance program, including its policies and procedures, are reasonably designed and implemented to detect and prevent fraud and money laundering and to comply with the Bank Secrecy Act.

8. On May 10, 2021, pursuant to the Amendment, MoneyGram intends to certify through its Chief Executive Officer and Chief Compliance Officer to the United States that MoneyGram has fulfilled its obligations under the DPA and the Amendment.

9. After the United States receives the required certification from MoneyGram on May 10, 2021, and provided that the Company has otherwise complied with the Amendment, then pursuant to the terms of the Amendment, the United States will move to dismiss the Information within 45 days of May 10, 2021 and no further extension of the tolling of the Speedy Trial Act would be needed and no trial would be held.

Respectfully submitted,

BRUCE BRANDLER
Acting United States Attorney
Middle District of Pennsylvania

DEBORAH CONNOR
Chief, Money Laundering and
    Asset Recovery Section
United States Department of Justice


/s/ Ravi Romel Sharma
RAVI ROMEL SHARMA
Assistant U.S. Attorney

/s/ Margaret A. Moeser
MARGARET A. MOESER
Trial Attorney

Attorneys for Plaintiff UNITED STATES OF AMERICA


/s/ Ephraim Wernick
Ephraim (Fry) Wernick
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037

Attorney for Defendant
MONEYGRAM INTERNATIONAL, INC.